Chetwood J.
Dissented, thinking it came within the general rule respecting hearsay testimony.
On the part of McDonald, Armstrong was offered as a witness, and objected to because it appeared that he had aided McDonald in seizing the negro, who if free and therefore not liable to seizure might bring an action of trespass against him.
*334 Kinsey C. J.
The witness is admissible. Liability to an action is no disqualification of a witness, more especially w^ere as hi this case, the right of the negro to her freedom the very point in controversy must be assumed as the ground on which to reject the witness. You are never to suppose a person liable, and then upon that ground to reject his testimony. Dougl. 141. (a)
Ab. Ogden for the negro, in opening the evidence said he should rely upon the following grounds—
1st The declarations of the mistress, and cited Negro Dorns case M. S. (b)
2d The acquiescence on the part of Hanna for 10 years, the negro’s marriage and having children. Margaret Reass's case. M. S.
3d The statute of limitations which he insisted extended to cases not within its words. % Burr. 961. And as in this case, after such a lapse of time Hanna could not have trover against one for detaining the negro, he should not by a parity ©f reason be admitted to seize her person.
The case however after the evidence was closed was submitted without argument.
Per Curiam.
This negro woman was a slave of Mrs. Hanna, and during the period of her ownership, and before her marriage she frequently declared that Phillis should be free at her death, and that she should serve no other person. She made use of the same language to Mr. Hanna while he was addressing her; and in fact after her death which was in 1785 Phillis became free and was allowed to remain free until 1795, when for the first time a claim asserted under Hanna's bill of sale, and this woman and her three children are seized by these speculators in human flesh, and claimed as slaves.
We are of opinion that these declarations of the mistress,— Hanna's acquiescence for so long a period of time, — and the circumstance of the negro’s having enjoyed her freedom from *335 the death of the mistress, are sufficient evidence of her right to liberty at the death of Mrs. Hanna.
In equity, a thing agreed to be done is looked upon as done; and in a case where the liberty of a human being is involved, —where the promise is cooly and deliberately made, it ought to receive from this Court a similar construction. It is far better to adopt this rule than to suffer promises, thus made, in a matter of so great consequence to a human creature to be violated or retracted at pleasure, (a)
Negro liberated.

 Note. See also 4 Burr. 2254. Bailie v. Wilson cited by Ld. Mansfield in Abrahams v. Bunn.

 Reported ante p. 3. State v. Administrators of Prall

 Note. See Ketletas v. Fleet 7 Johns. 334.